IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

CRYSTAL LEANN "CLARIDA"
FITZWATER, et al.                                             PLAINTIFFS

          v.               Civil No. 05-3056

JOHNNY L. NICHOLS, et al.                                      DEFENDANTS

### O R D E R

On this 30th day of March 2006, the above referenced matter comes on for consideration of **Separate Defendant John Putman's Motion to Dismiss First Amended Complaint (Doc. 54)**. The Court, being well and sufficiently advised, finds and orders as follows:

1. The plaintiffs initiated this action on September 22, 2005; and, then filed an amended complaint herein on November 9, 2005, naming as defendants Johnny L. Nichols, John Putman, Randel Earl Clarida, Danny Hickman, Richard Bogue, Linda Adams, and Zeola Yeager.

2. Separate Defendant John Putman now moves to dismiss the plaintiffs' First Amended Complaint.

3. Based upon a review of the plaintiffs' lengthy complaint, it appears that the allegations in the complaint against John Putman, Circuit Court Judge for the Fourteenth Judicial District of Arkansas, stem from a court proceeding in the Boone County, Arkansas Circuit Court. In his motion, Putman argues that he is entitled to absolute immunity from suit and that plaintiffs' complaint against him should be dismissed. However, in response, the plaintiffs argue that judicial immunity is lost for "acts done in the clear absence of all jurisdiction."

4. "Few doctrines were more solidly established at common law than the immunity of judges from liability for damages for acts committed within their judicial jurisdiction . . . ." Pierson v. Ray, 386 U.S. 547, 554 (1967). And, the United States Supreme Court recognized and adopted the doctrine of judicial immunity in 1871. *See* Bradley v. Fisher, 80 U.S. 335 (1871). Judicial immunity applies even when the judge is accused of acting maliciously; and, it

> is not for the protection or benefit of a malicious or corrupt judge, but for the benefit of the public whose interest it is that the judges should be at liberty to exercise their functions with independence and without fear of consequences.

Pierson at 554 (quoting Bradley v. Fisher, 80 U.S. 335 (1871)).

Although the plaintiffs argue that judicial immunity is lost if a judge acts with a "complete lack of jurisdiction", such an exception, *if* it should be recognized by this Court, simply does not apply to the situation at hand.

5. Therefore, the Court finds that **Separate Defendant John Putman's Motion to Dismiss First Amended Complaint (Doc. 54)** should be, and it hereby is, **granted** and, as to John Putman, plaintiffs' First Amended Complaint is dismissed.

IT IS SO ORDERED.

/S/JIMM LARRY HENDREN
JIMM LARRY HENDREN
UNITED STATES DISTRICT JUDGE