IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

CRYSTAL LEANN "CLARIDA"
FITZWATER, et al.                                              PLAINTIFFS

         v.              Civil No. 05-3056

JOHNNY L. NICHOLS, et al.                                      DEFENDANTS

### O R D E R

On this 3rd day of April 2006, the above referenced matter comes on for consideration of **Separate Defendant Linda Adams's Motion to Dismiss First Amended Complaint (Doc. 56).** The Court, being well and sufficiently advised, finds and orders as follows:

1.  The plaintiffs initiated this action on September 22, 2005; and, then filed an amended complaint herein on November 9, 2005, naming as defendants Johnny L. Nichols, John Putman, Randel Earl Clarida, Danny Hickman, Richard Bogue, Linda Adams, and Zeola Yeager.

2.  Separate Defendant Linda Adams ("Adams") now moves to dismiss the plaintiffs' First Amended Complaint (hereinafter referred to as the "Complaint") as against her and, in her motion, argues that plaintiffs' complaint, as asserted against her, should be dismissed on two grounds:

   *  first, by reason of there having been a failure of service on her pursuant to Federal Rule of Civil Procedure 12(b)(5); and

   *  second, by reason of the failure of the complaint to state a claim against her on which relief can be granted -- as required by Federal Rule of Civil Procedure 12(b)(6).

3.  The Court will first address Adams's substantive Rule 12(b)(6) argument, since it will be dispositive of the motion.

Based upon a review of the plaintiffs' lengthy complaint, it appears that the following allegations[1] therein are directed against Adams, who is a Court Reporter with the Fourteenth Judicial District of Arkansas, which encompasses Boone County, Arkansas:

> * Plaintiff Bishop Vaughn, Sr. tendered money order during regular business hours for Plaintiff filing of appeal in Boone County, but clerks and Court Reporter Linda Adams refused to receive payment denying Plaintiff right of due process. (Complaint, ¶ 27)
>
> * Defendant Adams stated that money had to be paid to the court reporter for transcript before one hundred dollars for appeals filing would be accepted for appeal. (Complaint, ¶ 28)
>
> * the defendants actions and omissions, lack of training and supervision concerning the review of arrest warrants and the verification of identifying information prior to initiating apprehension and arrest of persons believed to be subject of an arrest warrant was substantially likely to lead to the deprivation of the constitutional rights of the plaintiff and others; (Complaint, ¶¶ 37, 47)
>
> * Linda Adams [and all other defendants] . . . had policies and practices in place which were grossly inadequate when it came to initiating writ of execution and the person or persons believed to be the subject of a judgment. Defendant's had nothing in place to verify identifying information or to secure against the wrongful execution or judgment of innocent citizens; (Complaint, ¶ 38)
>
> * Linda Adams [and all other defendants] . . . failed to provide minimally acceptable standards of management, control, recruitment, appointment, training, supervision, retention, review and or discipline of the officers of their agencies and or in the creation and implementation of the policies involving arrest and detention procedures, specifically with regard to

---

[1] Except for bracketed omissions, the Court has not attempted to edit the language used in the Complaint.

reviewing arrest warrants and identification of persons arrested and detained or in the alternative, countenance violations of such established procedures. Furthermore, prior and subsequent to the arrest of plaintiff, persons with policy making authority knew of the unconstitutional conduct causing plaintiff to be unlawfully arrested and ratified the unconstitutional proceedings by failing to take immediate directive action; (Complaint, ¶ 129)

\* As a direct and proximate result of the conduct of . . . Linda Adams [and all other defendants] . . . Plaintiff was imprisoned against her will and suffered humiliation, mental anguish, embarrassment, harassment, nervousness, loss of sleep and loss of enjoyment of life; (Complaint, ¶ 133)

4. When ruling on a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a district court "must accept the allegations contained in the complaint as true and all reasonable inferences from the complaint must be drawn in favor of the nonmoving party." Young v. City of St. Charles, 244 F.3d 623, 627 (8th Cir. 2001). Although dismissal for failure to state a claim can only be granted when it appears beyond a reasonable doubt that plaintiff can prove no set of facts in support of a claim entitling him to relief, "dismissal under Rule 12(b)(6) serves to eliminate actions which are fatally flawed in their legal premises and deigned to fail, thereby sparing litigants the burden of unnecessary pretrial and trial activity." Young, 244 F.3d at 627.

5. The Court will attempt to address Adams' motion in the context of the portions of plaintiffs' complaint to which it is directed.

(a) With respect to the allegations set forth in Paragraphs 27 and 28 concerning the appeal fee, Adams argues:

* that she is not authorized to accept a notice of appeal for filing;

* that the Arkansas court rules require the appealing party to order the transcript and make financial arrangements for the transcript prior to filing a notice of appeal; and

* that, although she requested that a money order to be made out differently, she accepted the money order from the plaintiffs for payment of the transcript.

Adams also argues that plaintiffs were ultimately successful in filing their appeal, as evidenced by the file-marked Notice of Appeal attached to Adams's Brief.

(b) With respect to the remaining allegations asserted against her, Adams argues that they simply fail to state a claim, as they relate to matters which fall outside her authority or control as a Court Reporter. She contends that it is "beyond reason" to conclude "that a court reporter would participate in developing policies involving writs of execution or arrest and detention procedures, for managing or disciplining police officers, for reviewing arrest warrants to guard against misidentification, or for causing someone to be imprisoned." (Adams's Brief, p. 5)

(c) Plaintiffs' response to Adams' motion essentially consists of their argument that Adams improperly attached an exhibit to her brief in support of her motion to dismiss. They contend that the "Federal Rules of Civil Procedure do not permit for additional evidence to be included with or attached to FRCP Rule 12(b)(6) motion". (Plaintiffs' response, ¶ 5).

The Court notes that the only exhibit attached to Adams's motion is a file-marked copy of a Notice of Appeal filed by Crystal Leann "Clarida" Fitzwater in the Circuit Court of Boone County, Arkansas.

As argued by Adams' brief, the Court may take judicial notice of public records and may consider them in ruling on a motion to dismiss. *See* Stahl v. U.S. Dept. of Agriculture, 327 F.3d 697, 700 (8th Cir. 2003). Accordingly, the exhibit in question was not improperly attached to Adams' brief and can properly be considered by the Court in ruling on the instant motion.

As previously noted, plaintiffs make no other response to Adams' contentions and arguments.

6. Viewing the allegations in plaintiffs' complaint in the light most favorable to them and according thereto all reasonable inferences to which they are entitled, the Court concludes that the complaint fails to state a claim against Adams on which relief could properly be granted.

Considering plaintiffs' assertions; Adams' un-rebutted contentions concerning them; and the applicable law; it appears to the Court that the actions taken by Adams concerning the appeal fee and transcript payment were authorized by law and that all other matters complained of were obviously outside her control as a Court Reporter for the Fourteenth Judicial District of Arkansas. Accordingly, the concludes that Adams' motion is good and that it should be granted.

7. In light of the foregoing, the Court deems it unnecessary to discuss Adams' first basis to support the granting of her motion to dismiss.

**IT IS, THEREFORE, CONSIDERED, ORDERED AND ADJUDGED** that **Separate Defendant Linda Adams's Motion to Dismiss First Amended Complaint (Doc. 56)** should be, and it hereby is, **granted**;

**IT IS FURTHER ORDERED** that, as to separate defendant Linda Adams, plaintiffs' First Amended Complaint is **dismissed.**

**IT IS SO ORDERED.**

/S/JIMM LARRY HENDREN
JIMM LARRY HENDREN
UNITED STATES DISTRICT JUDGE