IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

CRYSTAL LEANN "CLARIDA"
FITZWATER, et al.                                              PLAINTIFFS

             v.          Civil No. 05-3056

JOHNNY L. NICHOLS, et al.                                      DEFENDANTS

## O R D E R

On this 5th day of April 2006, the above referenced matter comes on for this Court's consideration of several motions concerning separate defendants Randel Earl Clarida and Zeola Yeager. The Court, being well and sufficiently advised, finds and orders as follows:

1. The plaintiffs initiated this action on September 22, 2005; and, then filed an amended complaint herein on November 9, 2005, naming as defendants Johnny L. Nichols, John Putman, Randel Earl Clarida, Danny Hickman, Richard Bogue, Linda Adams, and Zeola Yeager.

2. On November 30, 2005, the plaintiffs filed **Plaintiffs' Crystal Leann "Clarida" Fitzwater, Jerald W. Fitzwater and Alton Louis Vaughn, Sr. Motion for Judgment Against the Defendant Randel Earl Clarida for Failure to Answer First Amended Complaint (Doc. #59)** and **Plaintiffs' Crystal Leann "Clarida" Fitzwater, Jerald W. Fitzwater and Alton Louis Vaughn, Sr. Motion for Judgment Against the Defendant Zeola Yeager for Failure to Answer First Amended Complaint (Doc. #60).** A brief in support of the motions was also filed by the plaintiffs. (Doc. #62) In the motions and brief, the plaintiffs claim that service of the First Amended Complaint was made upon separate defendants Randel Earl Clarida (hereinafter

"Clarida") and Zeola Yeager (hereinafter "Yeager") on November 9, 2005. Clarida and Yeager responded, with general denials, to the plaintiffs' motions on January 31, 2006. (Docs. # 99 & 100)

3. Additionally, Clarida and Yeager filed a **Motion to Dismiss (Doc. #75)**[1] on December 15, 2005; and, an Answer to Amended Complaint (Doc. #92) on January 12, 2006.

4. Next, the plaintiffs filed **Plaintiffs' Motion to Strike Defendants' Randell Earl Clarida, Zeola Yeager Answer to Amended Complaint for Non-Compliance with Court Order and Non-Compliance with Federal Rules of Civil Procedure (Doc. #93)**.[2]

5. And, finally, the plaintiffs filed **Plaintiffs' Motion to Strike Defendants' Randell Earl Clarida and Zeola Yeager Responses to Motions for Judgment by Default for Non-Compliance with Federal Rules of Civil Procedure (Doc. #101)**. Clarida and Yeager responded to the motion(Doc. #103); the plaintiffs replied to the separate defendants' response (Doc. #104); and, Clarida and Yeager responded to the plaintiffs' reply (Doc. #106).

6. The Court notes that the line of pleadings set forth above stems from plaintiffs' initial allegation that neither Clarida nor Yeager responded, in a timely fashion, to the plaintiffs' First Amended Complaint. The First Amended Complaint was filed with the Court on November 9, 2005; and, the plaintiffs assert that the First Amended Complaint was served upon Clarida and Yeager on November 9, 2005. However, there is no evidence of

---

[1] The plaintiffs did not respond to the Motion to Dismiss.

[2] Neither Clarida nor Yeager responded to motion filed as document #93.

-2-

*how* such service was accomplished – whether by hand delivery, through the mail, or through counsel for the defendants.

7. Clarida and Yeager, through various pleadings, assert that they were never served, personally or electronically, with the First Amended Complaint, likely due to the fact that counsel for the separate defendants was not registered on this Court's electronic filing system – CM/ECF.

8. Although the plaintiffs make various arguments concerning timeliness of Clarida and Yeager's pleadings, and the inadvertence of the separate defendants' counsel with respect to the time frames required by this Court, the Court finds that the filing delays are a direct result of the fact that the separate defendants' counsel was not properly registered for the CM/ECF computer system until January 31, 2006. The problem has now been corrected; and, the Court will not punish Clarida and Yeager for the delays of counsel. Therefore, plaintiffs' motions **(Docs. # 59, 60, 93, & 101)** are hereby **DENIED**.

9. Further, upon due consideration, the Court finds that Clarida and Yeager's **Motion to Dismiss (Doc. 75)** should be, and hereby is **DENIED**.

**IT IS SO ORDERED.**

/s/JIMM LARRY HENDREN
JIMM LARRY HENDREN
UNITED STATES DISTRICT JUDGE