IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION


CRYSTAL LEANN "CLARIDA"
FITZWATER, et al.                                        PLAINTIFFS


          v.              Civil No. 05-3056


JOHNNY L. NICHOLS, et al.                               DEFENDANTS


**O R D E R**


     Now on this 2nd day of June, 2006, the above referenced matter comes on for this Court's consideration of **Plaintiffs' Oppositions and Objections to Defendants' Notices of Deposition and Plaintiffs' Notice of Availability** (document #123).  The Court, being well and sufficiently advised, finds and orders as follows:

     1.   The plaintiffs initiated this action on September 22, 2005.  An amended complaint was filed herein on November 9, 2005, naming as defendants Johnny L. Nichols, John Putman, Randel Earl Clarida, Danny Hickman, Richard Bogue, Linda Adams, and Zeola Yeager.

     2.   Following various motions filed by the parties, a Civil Trial Scheduling Order was issued by this Court on May 9, 2006.  The scheduling order sets the case for trial by jury during the week of December 4, 2006, and directs that discovery be completed no later than September 5, 2006.

3. On May 23, 2006, a pleading entitled **Plaintiffs' Oppositions and Objections to Defendants' Notices of Deposition and Plaintiffs' Notice of Availability** (document #123) was filed with the Court, wherein plaintiffs:

\*  object to certain Notices of Deposition propounded by the defendants;

\*  argue that the Notices of Deposition "fail to provide reasonable notice as required by the applicable court rules";

\*  argue that the parties have not agreed to the dates, times, or subject matter of the depositions; and that defendants have not paid "necessary witness fees and travel expenses"; and

\*  argue that the depositions were scheduled in bad faith "to annoy, embarrass, or oppress the Plaintiffs."

However, the pleading doesn't mention the dates on which the defendants seek to conduct the depositions, nor are there attached to it copies of the deposition notices served.

4. Separate defendant, Johnny L. Nichols, has responded to the plaintiffs' motion, attaching the deposition notices at issue.

According to Nichols, each of the named plaintiffs was served with a Notice of Deposition on May 4, 2006, which notices provided for the depositions of the three named plaintiffs to take place on June 6 and 7, 2006, beginning at 9:00 a.m., in the basement conference room of the Boone County Courthouse in Harrison, Arkansas.

Nichols argues that the deposition notices are proper; and, that the plaintiffs' motion to vacate them should be denied.

5.    In addition, separate defendants, Danny Hickman and Richard Bogue, responded to the plaintiffs' motion, attaching the postal documents evidencing the plaintiffs' receipt of the Notices of Deposition.

Hickman and Bogue argue that the Notices of Deposition are proper and give "reasonable notice" as required by the applicable rules.   Hickman and Bogue further state that the requested depositions are not intended to annoy, embarrass, or oppress the plaintiffs, but, rather, have been scheduled to commence the necessary discovery in this case.

6.    Rule 30 of the Federal Rules of Civil Procedure provides for "Depositions Upon Oral Examination." Specifically, "[a] Party may take the testimony of any person, including a party, by deposition upon oral examination without leave of court." Fed. R. Civ. P. 30(a)(1).  Further, section (b) provides for "notice" of such depositions.   Specifically,

> [a] party desiring to take the deposition of any person upon oral examination shall give reasonable notice in writing . . . . The notice shall state the time and place for taking the deposition and the name and address of each person to be examined . . . .

Fed. R. Civ. P. 30(b)(1).   Witness fees and travel expenses are *not* required for the deposition of a party.

Here, the notices propounded by the defendants were for depositions of the three named parties on June 6 and 7, 2006.

In light of the fact that the notices were served on May 4, 2006 (more than a month before the deposition dates), the Court believes they provided "reasonable notice" and specified a

-3-

reasonable, public location in the city in which the action is pending. Accordingly, the defendants are entitled to conduct the depositions of the three named plaintiffs at the date, time, and location set forth in the Notices of Depositions and plaintiffs' challenge to the same must be rejected.

**IT IS, THEREFORE, ORDERED** that plaintiffs' objections to the planned depositions, as set out in **Plaintiffs' Oppositions and Objections to Defendants' Notices of Deposition and Plaintiffs' Notice of Availability** (document #123) should be, and they hereby are, **overruled.**

IT IS SO ORDERED.

/S/JIMM LARRY HENDREN
JIMM LARRY HENDREN
UNITED STATES DISTRICT JUDGE