IN THE UNITED STATES DISTRICT COURT
                        WESTERN DISTRICT OF ARKANSAS
                             HARRISON DIVISION


CRYSTAL LEANN "CLARIDA"
FITZWATER, et al.                                          PLAINTIFFS


        v.              Civil No. 05-3056


JOHNNY L. NICHOLS, et al.                                  DEFENDANTS


                            **O R D E R**

   Now on this 5th day of February, 2007, comes on for consideration the **Renewal Of Motion To Dismiss By Defendant Johnny L. Nichols** (document # 181) which was filed herein by separate Defendant, Johnny L. Nichols (Nichols) on January 19, 2007, and the Court, being well and sufficiently advised, finds and orders as follows with respect thereto:

   1.  The plaintiffs initiated this action on September 22, 2005, and on November 9, 2005, an amended complaint was filed herein naming as defendants Johnny L. Nichols, John Putman, Randel Earl Clarida, Danny Hickman, Richard Bogue, Linda Adams, and Zeola Yeager.

   2.  In the course of discovery, defendants prepared and served each of the named plaintiffs with a **Notice of Deposition**. The notices provided for the depositions of the three named plaintiffs to take place on June 6 and 7, 2006, in the Boone County Courthouse in Harrison, Arkansas.

On May 23, 2006, a pleading entitled **Plaintiffs' Oppositions and Objections to Defendants' Notices of Deposition and Plaintiffs' Notice of Availability** (document #123) was filed with the Court in which plaintiffs objected to Notices of Depositions propounded by the defendants.

By Order of June 2, 2006 (document #127), the Court overruled plaintiffs' objections and ordered that the defendants were entitled to conduct the three depositions noticed for June 6 and 7, 2006.

3. Plaintiffs did not show up for the scheduled depositions on June 6 and 7, but, instead, filed on June 6, 2006 a motion to "recall, set aside and vacate" this Court's June 2 Order.

4. Several of the separate defendants then moved for dismissal of the plaintiffs' complaint, pursuant to Rule 37 of the Federal Rules of Civil Procedure, due to the plaintiffs' failure to attend the June 6 and 7 depositions.

Although plaintiffs responded to the dismissal motions, the Court took no action on them but, rather, saw fit to address plaintiffs' failure to appear for the depositions as ordered by the Court -- as well as their said motion to "recall, set aside and vacate" this Court's Order of June 2, 2006.

5. By separate orders dated July 19, 2006, the Court took under advisement defendants' motion to dismiss and set out instructions to the parties. Those instructions contained, among other things, the following:

> (a) As stated above, Rule 37 provides this Court with the authority to order the payment of costs and attorneys fees. The Court finds that, considering plaintiffs' willful failure

to attend the properly scheduled depositions, it is appropriate to order such payment in this case.

(b) Accordingly, **within five (5) days of the date of this Order**, **defendant** is to submit the following to plaintiffs, with copy to the Court:

(1) Three alternative dates for the rescheduling of the previously scheduled depositions. The depositions will be held at the Boone County Courthouse, as previously arranged; and,

(2) A statement of costs and attorneys fees for amounts expended due to the plaintiffs' failure to attend the depositions scheduled for June 6 and 7.

(c) **Within ten (10) days of the date the above information is submitted by the defendant, the plaintiffs** are directed:

(1) to notify defendant which of the three suggested dates is agreeable for plaintiffs for the rescheduling of the depositions; and,

(2) to pay to the Clerk of Court -- for distribution to defendant -- the amount submitted in the defendant's statements of costs and attorneys fees.

If the amounts claimed seem reasonable to the Court, it will forthwith enter an order directing the Clerk to distribute the monies paid in by plaintiffs. If not, or if plaintiffs have objection to the amounts requested, the Court will address the matter **after** the depositions in question have been taken. In no event are plaintiffs authorized to delay making the payments because of any challenge they might wish to make concerning them.

(document #141)

6. Instead of complying with this Court's above directives, the plaintiffs filed a **Notice of Appeal** to the Eighth Circuit Court of Appeals. (Document #161) That appellate court dismissed the appeal for lack of jurisdiction per its judgment entered

December 11, 2006. Thus, the case remains pending before this Court. (Document #171)

7. Just prior to and immediate after the plaintiffs' appeal was taken, separate defendants Johnny L. Nichols, Richard Bogue, and Danny Hickman renewed their motions to dismiss due to the plaintiffs' failure to comply with this Court's previous orders. (documents #160, 165, 172, and 174)

The Court, noting the pendency of the appeal, did not immediately rule upon the renewed motions to dismiss.

8. Ultimately, by an Order dated December 20, 2006 (document #176), the Court took under advisement the said renewed motions to dismiss of the separate defendants and directed the following:

> (a) In accordance with Rule 37 which provides this Court with the authority to order the payment of costs and attorneys fees, and considering plaintiffs' willful failure to attend the properly scheduled depositions, the plaintiffs' are **within ten (10) days of this Order** directed to pay to the Clerk of Court -- for distribution to the defendants -- the amounts claimed in the defendants' previously submitted statements of costs and attorneys fees.
> In no event are plaintiffs authorized to delay making the payments because of any challenge they might wish to make concerning them. They are directed to pay the amounts claimed forthwith on pain of sanctions should they fail to do so. Any objection plaintiffs may have to the amounts claimed will be addressed, if necessary, at the conclusion of the case.
>
> (b) In addition, **within five (5) days of the date of this Order, defendants** are to select a date or dates suitable to them for the taking of the depositions needed and to serve plaintiffs with proper Notices of Depositions denoting the times they desire to take the

said depositions. The depositions will be held at the Boone County Courthouse, as previously arranged.

(c) The plaintiffs are directed to comply with the Notices so provided on pain of sanctions if they fail to do so.

9. The Court, in its December 20, 2006 Order (document #176) also noted the following:

* If plaintiffs fail to comply with the requirements of this Order; OR

* if they fail to pay the costs and attorneys fees for the previously scheduled depositions; OR

* if they fail to comply with future orders of the Court, it is likely the Court will impose further sanctions which can -- and likely will -- include dismissal of this action.

10. The Court again received from the plaintiffs a motion for reconsideration of its December 20, 2006 Order. (Document #178)

This motion for reconsideration was denied by this Court on January 5, 2007 (document #180), and the plaintiffs were again warned that failure to comply with the Court's previous directives would result in sanctions, likely including dismissal of this action.

11. The Court has now received a **Renewal of Motion to Dismiss by Defendant Johnny L. Nichols** (document #181) presently under discussion. In the motion, separate defendant Nichols points out that the plaintiffs have failed to pay the attorney fees and costs previously awarded by this Court to defendants'

attorneys as required by this Court's December 20, 2006 Order.  He persuasively argues that plaintiffs are, therefore, "again in flagrant disobedience of the Court's orders".  He further informs the Court that, despite plaintiffs' disobedience, he and the other defendants have tried to comply with the Court's Order by once again scheduling  the depositions of plaintiffs for February 7 and February 8, 2007.  Finally, he argues that:

> it would be unduly burdensome, and unjust, for Defendants and their counsel to travel to Harrison, Arkansas, in order to depose Plaintiffs when Plaintiffs have willfully refused to deposit into the registry of the court the moneys assessed against them as sanctions for failure to appear for their previously properly noticed depositions.

12.  Nichols' motion indicates that copies of the motion under discussion were properly sent to all plaintiffs and the other defendants in the case.

13.  The Court has received no response from plaintiffs to the said motion under discussion -- and now, on February 5, 2007 -- more than fifteen (15) days have elapsed since it was filed.

14.  An examination of the Clerk's accounts reveals that, as alleged by Nichols, plaintiffs have not paid to the Clerk the amounts required by the Court's previous Orders.

15.  In light of the impending approach of the scheduled depositions (On February 7 and 8) and the fact that plaintiffs have not responded to the instant motion, the Court deems it appropriate to now rule on Nichols' renewed motion to dismiss --

as well as on the motions to dismiss heretofore filed by other defendants and previously taken under advisement.

The Court believes it has been more than patient with plaintiffs in this case and that it has given them more than adequate chances to engage in the discovery process in connection with the suit they have filed in this Court. However, that patience is not endless and it has been exhausted.

The Court agrees with Nichols that it would be unduly burdensome and unjust for defendants and their counsel to have to make another apparently futile trip to Harrison to take depositions which it appears the plaintiffs do not intend to give. Moreover, the Court believes it to be just and appropriate to sanction plaintiffs for their repeated violations of the Court's Orders which appear to be continuing. Having tried, unsuccessfully, to get plaintiffs to comply with the lesser measure of awarding costs and attorneys' fees, the Court sees no reasonable alternative to the granting of defendants' several motions to dismiss with prejudice -- and the Court will take that course of action.

The Court thus finds that the several motions to dismiss filed by the defendants herein should be granted and that the plaintiffs' complaint should be dismissed, with prejudice, as to all defendants. The Court further finds that defendants should be awarded judgment against the plaintiffs for the amount of the

costs and attorneys' fees previously ordered to be paid by plaintiffs and which were not so paid.

**IT IS, THEREFORE, ORDERED** the following motions are **granted**, and that the **plaintiffs' complaint is dismissed with prejudice**:

* the **Motion to Dismiss (document #134)** of separate defendant Johnny L. Nichols;

* the **Motion to Dismiss (document #138)** of separate defendants Danny Hickman and Richard Bogue;

* the **Motion to Dismiss (document #147)** of separate defendants Zeola Yeager and Randel Earl Clarida;

* **Defendant Johnny L. Nichols' Renewed Motion to Dismiss (document #160);**

* the **Renewed Motion to Dismiss (document #165)** of separate defendants Danny Hickman and Richard Bogue;

* the **Renewal of Renewed Motion to Dismiss (document #172)** of separate defendant Johnny L. Nichols;

* the **Renewed Motion to Dismiss (document #174)** of separate defendants Danny Hickman and Richard Bogue; and,

* the **Renewal of Motion to Dismiss by Defendant Johnny L. Nichols (document #181).**

**IT IS FURTHER ORDERED** that the several defendants should be, and hereby are, awarded judgment against the several plaintiffs, the total sum of as follows:

   *   **$2,165.13 in costs and attorney fees** to **separate defendants Danny Hickman and Richard Bogue;**

   *   **$1,275.00 in costs and attorney fees** to **separate defendants Zeola Yeager and Randel Earl Clarida;** and

   *   **$3,193.06 in costs and attorney fees** to **separate defendant Johnny L. Nichols.**

   **IT IS SO ORDERED.**

                                  /S/JIMM LARRY HENDREN
                                  JIMM LARRY HENDREN
                                  UNITED STATES DISTRICT JUDGE